UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRED JOHN ANDERSON, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : No. 3:10cv10 (MRK) |
| | : |
| CAROL CHAPDELAINE, | : |
| | : |
| Respondent. | : |

**RULING AND ORDER**

On January 5, 2010, Petitioner Fred John Anderson filed a Petition for Writ of Habeas Corpus [doc. # 1] pursuant to 28 U.S.C. § 2254 *pro se* and *in forma pauperis*. Mr. Anderson is currently imprisoned in Connecticut, and he challenges his state convictions for first degree unlawful restraint, first degree assault, and interfering with a police officer. Mr. Anderson's Petition asserts four grounds for habeas relief. Having considered these, the Court, for the reasons that follow, DENIES Mr. Anderson's Petition.

**I.**

This case arises out of a fight between Mr. Anderson and a woman with whom he had a romantic relationship. On January 9, 1999, Mr. Anderson became drunk and physically abusive. When a member of the Groton Police Department responded to a 911 call from Mr. Anderson's apartment, he saw a woman with a bloody face through the apartment window. This woman was subsequently hospitalized for several days and now bears scars on her face. In a sworn statement given to police several days after the incident, the woman stated that on the night in question, Mr. Anderson had locked her in the apartment, butted her in the face with his forehead, banged

1

her head against the floor, bit her face, hit her in the head with a hair dryer, punched her in the chest, and choked her. At trial, her testimony deviated from this previous statement. The victim claimed that Mr. Anderson had been drunk to the point of blackout, that she had provoked the altercation, and that she had head-butted, bitten, and hit Mr. Anderson before he did those things to her. The victim admitted in her trial testimony, however, that photographs presented into evidence accurately showed the injuries she suffered. After being found guilty on three counts and acquitted on two, Mr. Anderson was sentenced on September 15, 2000 to a total of sixteen years in prison.

On direct appeal, Mr. Anderson claimed that there was insufficient evidence to show that the victim suffered serious and permanent disfigurement and that he had intended to cause this disfigurement. He also claimed that the trial court improperly admitted the victim's written statement and hospital record into evidence. The Appellate Court rejected all of these arguments, *see State v. Anderson*, 74 Conn. App. 633, 635 (2003) ("*Anderson I*"), and the Connecticut Supreme Court denied Mr. Anderson's petition for certification to appeal. Mr. Anderson was represented by counsel throughout these proceedings.

In a state habeas action filed in 2004, Mr. Anderson, again with the help of counsel, alleged prosecutorial misconduct and ineffective assistance of trial and appellate counsel. The state habeas court did not find any prejudice either in comments made by the prosecutor—which included remarks on the credibility of witnesses and a comparison of Mr. Anderson to Hannibal Lechter—or in counsel's decision not to object to the prosecutor's conduct or to present evidence about Mr. Anderson's tendency to blackout from alcohol. *See Anderson v. Warden*, No. CV010447387S, 2005 WL 941370 (Conn. Sup. Ct. Mar. 17, 2005) ("*Anderson II*"). The Appellate Court summarily affirmed, *see Anderson v. Comm'r of Corr.*, 95 Conn. App. 901

(Conn. App. Ct. 2006), and the Connecticut Supreme Court again denied certification to appeal. Though Mr. Anderson subsequently filed a second state habeas action and a federal petition under 28 U.S.C. § 2254—which Judge Droney dismissed because it contained unexhausted claims—the present § 2254 Petition [doc. # 1], Mr. Anderson's second, raises only those four grounds that were exhausted in his direct appeal and first state habeas petition.

## II.

Under 28 U.S.C. § 2254(d), a federal court may not grant "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" unless the state court's "decision . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). The Supreme Court has said that "[t]his is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt. The petitioner carries the burden of proof." *Id.* (quotation marks and citations omitted).

When faced with a state prisoner's petition for a writ of habeas corpus, a federal court must ask three questions:

> (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001).

With these principles in mind, the Court turns to Mr. Anderson's four claims.

3

### III.

*First*, Mr. Anderson claims that there was insufficient evidence to show that his victim was seriously and permanently disfigured or that he specifically intended this disfigurement. To show this under § 2254, Mr. Anderson must demonstrate that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The Appellate Court, in finding sufficient evidence to support Mr. Anderson's conviction, applied a standard which this Court has previously approved as substantially similar to the United States Supreme Court's *Jackson* standard. *See Anderson I*, 74 Conn. App. at 636-7; *Morgan v. Alves*, No. 3:10cv1487 (MRK), 2011 WL 3555438, at *8 (D. Conn. Aug. 1, 2011). Further, the Connecticut Appellate Court applied this standard correctly. In regard to Mr. Anderson's intent, the Appellate Court pointed to evidence presented regarding Mr. Anderson's biting and other violent conduct—from which the jury could infer that he intended the natural consequences of that conduct, including disfigurement. *Anderson I*, 74 Conn. App. at 638-9. In regard to the seriousness and permanency of the victim's disfigurement, Mr. Anderson's insufficient evidence claim reduces to a claim that the Appellate Court was wrong as to what these words mean under Connecticut law. But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, the Court can find no constitutional error in the Appellate Court's rejection of Mr. Anderson's insufficient evidence claim.

*Second*, Mr. Anderson claims that the trial court should not have admitted hospital records, physician testimony, or the victim's written statement into evidence. However, the arguments Mr. Anderson made to the Appellate Court raised only state-law evidentiary concerns,

not constitutional claims. The Appellate Court's resolution of state-law matters is not for this Court to review. *Id.* Nor can Mr. Anderson recast his arguments in a new guise now, for if "a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

*Third*, Mr. Anderson claims that his counsel was ineffective because he did not present a psychologist to testify as to how Mr. Anderson's blackouts due to alcohol might have negated the intent element of his crimes. Reviewing this claim, the state habeas court recited the proper Supreme Court test—that of *Strickland v. Washington*, 466 U.S. 668 (1984)—and then reasonably applied that test. As the habeas court noted, Mr. Anderson's psychiatric expert offered only a lukewarm account of the "potential impact" his testimony might have had. Worse, as a strategic matter, bringing Mr. Anderson's past history to the jury's attention likely would have had a negative effect far outweighing any potential benefit. Thus, Mr. Anderson failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

*Fourth*, Mr. Anderson claims that the prosecutor committed misconduct during closing arguments by comparing him to the infamous cannibal in the film *Silence of the Lambs* and by expressing his own opinions about witnesses' credibility. The controlling and clearly established Supreme Court precedent on prosecutorial misconduct at trial is found in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). There, the Supreme Court stated that in order to render a trial unfair, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 181 (quotation marks and

citations omitted). Unfortunately, the habeas court did not explicitly state this standard—or any legal standard—in its opinion. Its sole citation is to *State v. Perkins*, 271 Conn. 218, 267-69 (2004), in which the Connecticut Supreme Court explained that a prosecutor should not be "put in the rhetorical straitjacket of always using the passive voice, or continually emphasizing that he is simply saying I submit to you that this is what the evidence shows, or the like." *Id*. at 268 (emphasis removed). However, the habeas court did conclude, in regard both to the prosecutor's comments on credibility and his unfortunate Hannibal Lecter comment:

> The petitioner has not shown that these remarks in the aggregate created actual prejudice nor that the petitioner's trial was fundamentally unfair. After reading this transcript, and having heard the petitioner in the habeas trial, one is forced to conclude that in the total trial scenario, these alleged transgressions hardly create a stir.

*Anderson II*, 2005 WL 941370, at *2. The Court finds that this conclusion accurately summarizes *Darden*'s concern with overall fairness, considered in the context of what the habeas court termed "the total trial scenario." Further, the Court finds nothing unreasonable about the habeas court's implicit application of the standard set by the Supreme Court in *Darden*. In other words, the Court finds that—taken in context—the prosecutor's comments did not "infect[] the trial with unfairness." *Darden*, 477 U.S. at 181. Thus, Mr. Anderson's prosecutorial misconduct claim and his claim that his attorneys were ineffective for failing to protest the purported misconduct both must fail.

## IV.

Having determined that Mr. Anderson's claims for relief are without merit, the Court DENIES Mr. Anderson's Petition for Writ of Habeas Corpus [doc. # 1]. Because Mr. Anderson has not made a substantial showing of the denial of a constitutional right, a certificate of

appealability will not issue. **The Clerk is directed to enter judgment for Respondent and to close this file.**

                                          **IT IS SO ORDERED.**

                                          /s/  Mark R. Kravitz
                                          United States District Judge

**Dated at New Haven, Connecticut: August 1, 2012**